Electronically Filed - Jackson - Kansas City - May 19, 2021 - 04:52 PM

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY, MISSOURI**

| | | |
|---|---|---|
| **DOROTHY SIMPSON,** | ) | |
| 14550 S. 71 Highway, Apt. 301 | ) | |
| Kansas City, Missouri 64147 | ) | |
| | ) | |
| Plaintiff, | ) | **Case No.** |
| v. | ) | |
| | ) | **Division** |
| **CLOVERLEAF APARTMENTS** | ) | |
| **INVESTORS, LLC,** | ) | |
| 14554 South US Highway 71, | ) | |
| Kansas City, Missouri 64147 | ) | |
| | ) | |
| SERVE: Cloverleaf Apartments | ) | |
| Investors, LLC, | ) | |
| Registered Agent: Capitol Corporate | ) | |
| Services, Inc. | ) | |
| 222 E. Dunklin, Ste. 102, | ) | |
| Jefferson City, Missouri 65101 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **STONEBRIDGE GLOBAL PARTNERS, LLC,** | ) | |
| 8484 Wilshire Blvd., Suite 760 | ) | |
| Beverly Hills, California 90211 | ) | |
| | ) | |
| SERVE: Stonebridge Global Partners, LLC | ) | |
| 8484 Wilshire Blvd., Suite 760 | ) | |
| Beverly Hills, California 90211 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **SELDIN COMPANY,** | ) | |
| 16910 Frances Street, Suite 200 | ) | |
| Omaha, Nebraska 68130 | ) | |
| | ) | |
| SERVE: Seldin Company | ) | |
| Registered Agent: CT Corporation System | ) | |
| 120 South Central Ave | ) | |
| Clayton, Missouri 63105 | ) | |
| | ) | |
| Defendants. | ) | |

1

**CLASS ACTION PETITION FOR**
**BREACH OF THE IMPLIED WARRANTY OF HABITABILITY AND**
**VIOLATIONS OF THE MISSOURI MERCHANDISING PRACTICES ACT**

COMES NOW plaintiff Dorothy Simpson ("plaintiff"), pursuant to Rule 52.08 of the Missouri Rules of Civil Procedure, and on behalf of all similarly situated persons, brings this Class Action Petition for Breach of the Implied Warranty of Habitability and Violations of the Missouri Merchandising Practices Act in order to hold defendants Cloverleaf Apartments Investors, LLC ("Cloverleaf"), Stonebridge Global Partners, LLC ("SGP"), and Seldin Company ("Seldin") accountable for their repeated violations of Missouri law and deceptive and unfair practices relating to their failure to maintain the premises in a safe, sanitary and habitable condition throughout their rental building, namely the Cloverleaf Apartments, in Kansas City, Missouri.

## NATURE OF THIS ACTION

1.      Defendants Cloverleaf and SGP buy distressed properties and rent them out basically as found without hands-on management or oversight despite receiving numerous complaints of substandard conditions from their tenants.

2.      Cloverleaf Apartments is a 204-unit multi-family apartment complex in Kansas City, Missouri, County of Jackson, Missouri.

3.      Upon information and belief, Defendant Cloverleaf c/o Defendant SGP purchased Cloverleaf Apartments in Kansas City, Missouri on June 25, 2015. See the Multifamily Deed of Trust attached as Exhibit 1.

4.      Upon information and belief, Defendant Seldin manages the Cloverleaf Apartments.

5.      After being given sole responsibility as owner and management, Defendants SGP, Cloverleaf, and Seldin placed profits over the safety and well-being of the Cloverleaf tenants.

6.     Defendants SGP, Cloverleaf, and Seldin's decision to maximize profit rather than fulfill their obligations to their tenants has led to the widespread presence of cockroaches, bed bugs, filth, vermin, water intrusion, flooding, mold, dirty carpets, inadequate plumbing, collapsed ceilings, inadequate air conditioning and heat, violence, lack of security, faulty electrical wiring, fires, failing appliances and fixtures, unsecured doors and windows, unsafe and damaged parking lot, ineffective maintenance, inadequate repairs, and dangerous conditions in the common areas.

7.     Defendants SGP, Cloverleaf, and Seldin demand full rent from their tenants despite their repetitive and intentional failure to address unlawful housing conditions that pose a serious threat to health and safety of their tenants.

8.     Defendants SGP, Cloverleaf, and Seldin's ongoing business practice is to profit at the expense of vulnerable tenants by collecting full rent while refusing to invest in keeping their units safe and habitable.

## **PARTIES**

9.     Plaintiff Dorothy Simpson is a natural person who resides at Cloverleaf Apartments at 14550 S. 71 Highway, Apt. 301, Kansas City, Missouri 64147, County of Jackson, Missouri.

10.     Defendant Cloverleaf is a Missouri Limited Liability Company, doing business in the State of Missouri and is registered by the Missouri Secretary of State under registration number LC001436233.

11.     Defendant SGP is the owner of the Cloverleaf Apartments and does business in the State of California, its principal business address is located at 8484 Wilshire Blvd., Suite 760, Beverly Hills, California 90211, and is "focused on acquiring and managing Section 8 Multi-family Housing Projects across the US" and preserving "the longevity of our assets and investing in our resident communities."  See https://www.sbgpartners.com/.

3

Electronically Filed - Jackson - Kansas City - May 19, 2021 - 04:52 PM

12.     Defendant Seldin is a foreign for-profit corporation, doing business in the State of Missouri, is registered by the Missouri Secretary of State under registration number F001321888, was founded in 1923 and engages in the management and expansion of multifamily communities with decades of expertise managing and calls its properties "the best places for residents to call home."  See https://www.seldin.com/Company.

## JURISDICTION AND VENUE

13.     This Court has jurisdiction over this action because the Defendants Cloverleaf, SGP, and Seldin ("Defendants"), within this state: (1) transacted business, (2) made contracts, (3) collected lease payments, (4) maintained uninhabitable apartments, and (5) attempted or conducted an eviction on families' homes.

14.     Plaintiff has incurred damages as a result of Defendants' wrongful conduct, described more fully below.

15.     Venue is proper in this Court pursuant to RSMo §508.010(2), because the wrongful conduct occurred in Jackson County, Missouri.

## COMMON FACTUAL ALLEGATIONS

16.     Upon information and belief, Defendant Cloverleaf c/o Defendant SGP owns the Cloverleaf Apartments located at 14554 S U.S. 71 Hwy, Kansas City, Missouri 64147, County of Jackson, Missouri.

17.     Upon information and belief, Defendant Cloverleaf c/o SGP manages the assets related to the Cloverleaf Apartments.

18.     Upon information and belief, Defendant Seldin manages the Cloverleaf Apartments.

19.     Plaintiff Dorothy Simpson has been a resident at Cloverleaf Apartments for over a decade and has signed residential lease agreements with Defendants since 2015.  A copy of her lease agreement is attached as Exhibit 2.

20.     "A. Smith", an agent and/or representative for Defendants, signed the lease executed by Plaintiff Dorothy Simpson.  See Exhibit 2.

21.     Plaintiff Dorothy Simpson has timely made all her rent payments to Defendants.

### *THE CLOVERLEAF APARTMENTS ARE UNSAFE, UNSANITARY AND INHABITABLE*

22.     Through the course of her tenancy at Cloverleaf Apartments, Plaintiff Dorothy Simpson's bedroom ceiling has leaked vast amounts of water, causing damage to the ceiling, the surrounding walls, the flooring, and her personal belongings.

23.     Plaintiff Dorothy Simpson's bedroom ceiling has collapsed multiple times due to the extensive water intrusion.

24.     In March of 2021, Plaintiff Dorothy Simpson's ceiling collapsed and remained exposed for months. Photographs of her bedroom ceiling are below.



25.     Plaintiff Dorothy Simpson repeatedly requested that Defendants Seldin, Copperleaf, and/or SGP repair her ceiling and soaked and filthy carpet.

26.     Plaintiff Dorothy Simpson contacted Healthy Homes Rental Inspection Program several times to inspect her home.

27.     Healthy Homes Rental Inspection Program performed an inspection of Plaintiff Dorothy Simpson's home on March 18, 2021.

28.     The March 18, 2021 Healthy Homes Rental Inspection Program report found health hazardous conditions, including exposed and moisture-stained ceiling, bowed and cracked ceiling in the west common stairway, failing washers and dryers in the public laundry room, and unsecured laundry room door.  See the Healthy Homes Rental Program Inspection Report dated March 18, 2021 and attached as Exhibit 3.

29.     The continuous water intrusion and failure of Defendants Cloverleaf, SGP, and Seldin to repair her ceiling and filthy carpet has forced Plaintiff Dorothy Simpson to sleep in her living room on an inflatable mattress.

30.     On May 2, 2021, a maintenance worker inadequately patched Plaintiff Dorothy Simpson's exposed bedroom ceiling and left various pieces of fallen ceiling, supplies, and other material strewn around her bedroom.

31.     Throughout the week of May 2, 2021, Plaintiff Dorothy Simpson complained several times to Defendant Seldin requesting that the pieces of fallen ceiling, supplies, and other material be cleaned up and removed from her home.

32.     As of the date of this writing, Seldin has refused to clean up the mess left from the fallen ceiling and filthy carpets in Plaintiff Dorothy Simpson's home.

33.     Plaintiff Dorothy Simpson's home has also been infested with cockroaches and bed bugs.

34.     Plaintiff Dorothy Simpson was forced to throw out several pieces of her furniture due to the complained-of bed bug infestation.

35.     Despite Plaintiff Dorothy Simpson providing Defendants SGP and Cloverleaf adequate and prompt notice of the bed bug infestation, Defendants SGP and Cloverleaf did not promptly hire an exterminator causing unnecessary delay, distress, and preventable property damage to Plaintiff Dorothy Simpson.

36.     Plaintiff Dorothy Simpson has complained numerous times to Defendants Cloverleaf, SGP, and Seldin about the unsafe and unsanitary conditions of her home, including the water damage, filthy carpets, cockroach and bed bug infestation, and other conditions.

37.     In Plaintiff Dorothy Simpson's building unit, a common area containing washer and dryers is present on the bottom floor.

38.     The public washers and dryers in this common area do not work.

39.     The public washers and dryers are in extreme disrepair having exposed electrical wires, sharp edges, and appear to be stacked in an unsecured manner.  A photograph of one set of washers and dryers are below.



40.     The same common area contains a broken breaker box with numerous exposed electrical wires. A photograph of the breaker box is below.

8

Electronically Filed - Jackson - Kansas City - May 19, 2021 - 04:52 PM



41.     Another building has an exit sign with exposed wiring dangling just above an entrance. A photograph of the exit sign is below.



42.     In 2017, a fire broke out at the Cloverleaf Apartments in one of the building units.

Electronically Filed - Jackson - Kansas City - May 19, 2021 - 04:52 PM

43.     Since 2017, Defendants Copperleaf, SGP, and Seldin have not adequately repaired the damage from the fire in the building and ensured that the building is safe for human habitation.

44.     Scorch marks and black soot remain on the ceiling of the top floor of the building unit from the 2017 fire.  Below is a picture from the building where the fire occurred.



45.     A malfunctioned smoke detector that was severely damaged from the 2017 fire is shown below.



46.     Many units at the Cloverleaf Apartments have shattered windows, no screens, or both, while exposing those apartments to weather, precipitation, bugs, and other dangerous conditions. Below is a picture of a broken window with no screen.

10



47.     The parking lots surrounding the Cloverleaf Apartments are in extreme disrepair as they contain numerous deep and wide pot holes.

48.     The failure of Defendants Copperleaf, SGP, and Seldin to remediate these numerous pot holes causes damage to tenants' vehicles when commuting back and forth to and from their homes.

49.     Upon information and belief, since January of 2021, a fire hydrant at Cloverleaf Apartments burst, causing large amounts of dangerous water to flood onto the parking lot.

50.     Upon information and belief, during subzero temperatures in February of 2021, water flowing from the fire hydrant froze and created a large area of dangerous ice onto the parking lot.  Below are pictures of the leaking hydrant and dangerous ice.

Electronically Filed - Jackson - Kansas City - May 19, 2021 - 04:52 PM



51.     The fire hydrant continued to flood the parking lots and common area until late March of 2021. Below is a picture of the hydrant continuing to gush water in March of 2021.



52.     Upon information and belief, tenants, including Plaintiff Dorothy Simpson, complained of the gushing fire hydrant in early 2021, but Defendants Copperleaf, SGP, and Seldin

did not repair the hydrant until March 31, 2021. <u>See</u> Defendants Copperleaf, SGP, and Seldin's notice titled: "Attention Residents of Building 50" attached as Exhibit 4.

53.     In Defendants Copperleaf, SGP, and Seldin's notice, they urged tenants to "refrain from bombarding the office or health department with phone calls." <u>See</u> Exhibit 4.

54.     Defendants Copperleaf, SGP, and Seldin and Plaintiff Dorothy Simpson have a contractual landlord-tenant relationship.

55.     Plaintiff Dorothy Simpson placed trust in Defendants Copperleaf, SGP, and Seldin with regard to her home.

56.     A reasonable renter such as Plaintiff Dorothy Simpson, would expect a landlord's lease property is fit for human expectation.

57.     Plaintiff Dorothy Simpson has timely and adequately complained to Defendants Copperleaf, SGP, and Seldin about the unsafe and unsanitary conditions she and other tenants are exposed to on a daily basis.

58.     Despite numerous requests by the Plaintiff Dorothy Simpson, Defendants Copperleaf, SGP, and Seldin have not fixed many of the complained-of unsafe and unsanitary conditions experienced at the Cloverleaf Apartments.

59.     Despite numerous requests by Plaintiff Dorothy Simpson, Defendants Copperleaf, SGP, and Seldin refused to fix any of the complained unsafe and unsanitary conditions promptly or at all.

60.     Instead, Defendants Copperleaf, SGP, and Seldin collect and receive the full amount of rent from Plaintiff Dorothy Simpson and their tenants without their concern for their tenants and property.

13

### THE PROPOSED CLOVERLEAF APARTMENTS CLASS

61.     The Class of persons who Plaintiff Dorothy Simpson represents consists of the following:

> All Missouri residents who signed a lease with Defendants and rented at the Cloverleaf Apartments between July 2015 and the present.

62.     The class is limited to only Missouri citizens.

63.     Defendant Cloverleaf's principal place of business is in Missouri.

64.     The injuries complained of by the class occurred in Missouri.

65.     Defendants Copperleaf, SGP, and Seldin's business involves leasing their units to tenants and collecting rent from their tenants.

66.     The members of the Class are so numerous that joinder of all of them is impracticable.

67.     There are questions of law or fact common to the Class, including:

a.     Whether the living conditions at the Cloverleaf Apartments are unsafe for the tenants.

b.     Whether the living conditions at the Cloverleaf Apartments are unsafe for the tenants because they contain mold in units.

c.     Whether the living conditions at the Cloverleaf Apartments are unsafe for the tenants because of water intrusion and damage to the units.

d.     Whether the living conditions at the Cloverleaf Apartments are unsafe for the tenants because of unsecured doors and windows.

e.     Whether the living conditions at the Cloverleaf Apartments are unsafe for the tenants because of infestations of cockroaches, bed bugs and other unwelcomed pests.

f.     Whether the living conditions at the Cloverleaf Apartments are unsafe for the tenants because of the dangerous exposed electrical wires.

g.     Whether the living conditions at the Cloverleaf Apartments are unsafe for the tenants because of the lack of security and crime.

14

h.    Whether the living conditions at the Cloverleaf Apartments are unsafe for the tenants because of the dangerous parking areas surrounding the apartment buildings.

i.    Whether the living conditions at the Cloverleaf Apartments are unsafe for the tenants because of the filthy carpets in units.

j.    Whether the living conditions at the Cloverleaf Apartments are unsafe for the tenants because of the inadequate air conditioning and heat.

k.    Whether the living conditions at the Cloverleaf Apartments are unsafe for the tenants because of the failing and unsecured appliances and fixtures.

l.    Whether the living conditions at the Cloverleaf Apartments are unsafe for the tenants because of the ineffective maintenance and inadequate repairs.

m.    Whether the living conditions at the Cloverleaf Apartments are unsafe for the tenants because of the dangerous and unsafe common areas.

n.    Whether the living conditions at the Cloverleaf Apartments are unsafe which conditions constituted a breach of the implied warranty of habitability.

o.    Whether the Cloverleaf Apartments tenants were deceived regarding the conditions of their rented apartments.

68.    Plaintiff Dorothy Simpson's claims are typical of the claims of the Class and predominate over any questions impacting only individual members.

69.    Plaintiff Dorothy Simpson has retained counsel who is competent and experienced in class action litigation, and will fairly and adequately protect the interests of the Class.

70.    A class action, under Rule 52.08 of the Missouri Rules of Civil Procedure, is superior to other available methods for the fair and efficient adjudication of this controversy because:

a.    The named Representative has the same interest as other members of the Class, and is financially able to, and will, vigorously prosecute this action on behalf of the Class;

15

b.     It is desirable to concentrate the litigation in this forum because the damages suffered by individual members of the Class may be relatively small, and the expense and burden of individual litigation make it impracticable for individual Class members to pursue separate litigation. Such a situation would permit defendants to retain the benefits of their wrongdoing despite violations of the law; and

c.     No difficulties are likely to be encountered in the management of this litigation as a class action.

## COUNT ONE

## BREACH OF THE IMPLIED WARRANTY OF HABITABILITY

71.     Plaintiff Dorothy Simpson restates and alleges the allegations contained in paragraphs 1 through 70 as if stated in full in Count One.

72.     Plaintiffs' leases contained an implied warranty of habitability that Defendants Copperleaf, SGP, and Seldin shall maintain the premises in a safe, sanitary, and habitable condition, and in compliance with state and local laws.

73.     Missouri law recognizes the implied warranty of habitability into every single residential lease. King v. Morehead, 495 S.W.2d 65 (Mo. App. 1973).

74.     The implied warranty that the premises shall be delivered and maintained in a safe, sanitary, and habitable condition was a crucial element of the consideration for the rental agreement between Plaintiffs and Defendants Copperleaf, SGP, and Seldin.

75.     Defendants Copperleaf, SGP, and Seldin failed to deliver and maintain the premises to Plaintiffs in compliance with local law.

76.     Defendants Copperleaf, SGP, and Seldin breached their duty to deliver and maintain the premises to Plaintiffs in a safe, sanitary, and habitable condition by:

a.     Plaintiffs notified Defendants Copperleaf, SGP, and Seldin of the unsafe, unsanitary or otherwise uninhabitable conditions of the unit at the Cloverleaf Apartments;

16

    b.  Defendants Copperleaf, SGP, and Seldin promised to make repairs but took no meaningful action to quickly, competently and effectively make the necessary repairs; and

    c.  Defendants Copperleaf, SGP, and Seldin failed to remediate the conditions.

77.    As a direct and proximate result of Defendants Copperleaf, SGP, and Seldin's breach of lease, Plaintiffs have been damaged.

78.    Upon information and belief, during the Plaintiffs' tenancy, there have developed dangerous and unsanitary conditions on the premises that materially affect the life, health and safety of the Plaintiffs and their families.

79.    The dangerous and unsanitary conditions include the following:

    a.  Mold in the units at the Cloverleaf Apartments;

    b.  Water intrusion into the units at the Cloverleaf Apartments;

    c.  Infestation of bed bugs, cockroaches, and other pests at the Cloverleaf Apartments;

    d.  Dangerously exposed electrical wiring at the Cloverleaf Apartments;

    e.  Unsecured doors and windows on the premises at the Cloverleaf Apartments;

    f.  Filthy carpets at the Cloverleaf Apartments;

    g.  Disrepair parking lots containing numerous pot holes surrounding the Cloverleaf Apartments;

    h.  Inadequate plumbing at the Cloverleaf Apartments;

    i.  Failing appliances and fixtures at the Cloverleaf Apartments;

    j.  Ineffective maintenance and inadequate repairs at the Cloverleaf Apartments;

    k.  Inadequate air conditioning and heat at the Cloverleaf Apartments; and

    l.  Lack of security and crime at the Cloverleaf Apartments.

80.    Plaintiffs gave Defendants Copperleaf, SGP, and Seldin reasonable notice of the conditions.

81.     Plaintiffs requested that Defendants Copperleaf, SGP, and Seldin make their unit safe and habitable numerous times.

82.     Defendants Copperleaf, SGP, and Seldin failed to render the units safe and habitable at the Cloverleaf Apartments.

83.     The existence of dangerous and unsanitary conditions constitutes a breach of the implied warranty of habitability, rendering Plaintiffs' units uninhabitable.

84.     The uninhabitable conditions of Plaintiffs' units amount to a breach of their lease with Defendants Copperleaf, SGP, and Seldin, amount to a failure of consideration by Defendants Copperleaf, SGP, and Seldin, renders the value of Plaintiffs' units at zero dollars ($0.00) per month, and thus their obligation to pay full and total rent under the terms of the lease to Defendants Copperleaf, SGP, and Seldin is and was suspended.

85.     As such, Plaintiffs seek compensation for the rent paid during the period the home was uninhabitable.

WHEREFORE, Plaintiffs pray this Court enter judgment in their favor and against Defendants Copperleaf, SGP, and Seldin on Count One of their Class Action Petition for Breach of the Implied Warranty of Habitability, for actual damages, award Plaintiffs their attorneys' fees and costs, together with pre-judgment and post-judgment interest, and for such other and further relief as the Court may deem necessary and proper.

## COUNT TWO

## VIOLATIONS OF THE MISSOURI MERCHANDISING PRACTICES ACT

86.     Plaintiff Dorothy Simpson restates and alleges the allegations contained in paragraphs 1 through 85 as if stated in full in Count Two.

18

Electronically Filed - Jackson - Kansas City - May 19, 2021 - 04:52 PM

87. Defendants Copperleaf, SGP, and Seldin leased rental unit apartments to Plaintiffs at the Cloverleaf Apartments.

88. Defendants Copperleaf, SGP, and Seldin entered into contracts with Plaintiffs to enter into their rental units at the Cloverleaf Apartments.

89. Missouri law recognizes the implied warranty of habitability into every single residential lease. <u>King v. Morehead</u>, 495 S.W.2d 65 (Mo. App. 1973).

90. Plaintiffs' leases contained an implied warranty of habitability that Defendants Copperleaf, SGP, and Seldin shall maintain the premises in a safe, sanitary and habitable condition, and in compliance with state and local laws.

91. Leasing is a service under RSMo § 407.010 et seq.

92. Missouri's Merchandising Practices Act ("MMPA") prohibits "[t]he act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce." RSMo § 407.020.1.

93. Defendants Copperleaf, SGP, and Seldin failed to deliver and maintain the premises to Plaintiffs in compliance with local law.

94. Upon information and belief, during Plaintiffs' tenancy with Defendants Copperleaf, SGP, and Seldin, there have developed dangerous and unsanitary conditions on the premises that materially affect the life, health and safety of Plaintiffs.

95. The dangerous and unsanitary conditions include the following:

    a. Mold in the units at the Cloverleaf Apartments;

    b. Water intrusion into the units at the Cloverleaf Apartments;

c.  Infestation of bed bugs, cockroaches, and other pests at the Cloverleaf Apartments;

d.  Dangerously exposed electrical wiring at the Cloverleaf Apartments;

e.  Unsecured doors and windows on the premises at the Cloverleaf Apartments;

f.  Filthy carpets at the Cloverleaf Apartments;

g.  Disrepair parking lots containing numerous pot holes surrounding the Cloverleaf Apartments;

h.  Inadequate plumbing at the Cloverleaf Apartments;

i.  Failing appliances and fixtures at the Cloverleaf Apartments;

j.  Ineffective maintenance and inadequate repairs at the Cloverleaf Apartments;

k.  Inadequate air conditioning and heat at the Cloverleaf Apartments; and

l.  Lack of security and crime at the Cloverleaf Apartments.

96.  A reasonable renter would expect a landlord's leased property is fit for human occupation.

97.  Defendants Copperleaf, SGP, and Seldin's rental charges to Plaintiffs were deceptions and unfair practices as defined by the MMPA.

98.  Defendants Copperleaf, SGP, and Seldin's failure to provide suitable living conditions was a deception and unfair practice as defined by the MMPA.

99.  Defendants Copperleaf, SGP, and Seldin used deception, committed an unfair practice, and concealed, suppressed and omitted material facts in connection with the leases by engaging in the following:

a.  Plaintiffs notified Defendants Copperleaf, SGP, and Seldin of the unsafe, unsanitary, or otherwise uninhabitable conditions at the Cloverleaf Apartments;

20

b.  Defendants Copperleaf, SGP, and Seldin promised to make repairs but took no meaningful action to quickly, competently, and effectively make the necessary repairs; and

c.  Defendants Copperleaf, SGP, and Seldin failed to remediate the conditions.

100.  The material facts concealed, suppressed and omitted from Plaintiffs and relating to the requirement of complying with substandard conditions are known to Defendants Copperleaf, SGP, and Seldin or, upon reasonable inquiry, could have been known to Defendants.

101.  The material facts concealed, suppressed and omitted from Plaintiffs and relating to the requirement of complying with substandard conditions were unknown to Plaintiffs.

102.  The above-stated actions constitute acts and practices leading to misrepresentations, concealment, false promises, fraud, omissions, deceptions, and unfair practices of and concerning material facts in violation of RSMo § 407.020.

103.  Defendants Copperleaf, SGP, and Seldin's actions constitute a pattern and practice of deceptive conduct.

104.  Defendants Copperleaf, SGP, and Seldin's acts described above constitute violations of the MMPA.

105.  As a direct and proximate result of Defendants Copperleaf, SGP, and Seldin's violations of the MMPA, Plaintiffs have suffered ascertainable losses in an amount to be determined at trial.

106.  Plaintiffs have suffered the loss of money and property due to Defendants Copperleaf, SGP, and Seldin's conduct including: humiliation and anguish because of living in substandard and unsafe conditions, stress, anxiety, depression, emotional distress, loss of sleep,

worsening of health, paying rent while the premises were and are substandard, security deposit, and unnecessary out-of-pocket costs.

107.     Plaintiffs have also suffered an ascertainable loss caused by Defendants Copperleaf, SGP, and Seldin because they would not have signed a lease and/or moved into the Cloverleaf Apartments had they known that Defendants Copperleaf, SGP, and Seldin's deceptive conduct was misleading.

108.     Plaintiffs are living on a fixed income and limited budget.

109.     Plaintiffs cannot afford to move in the midst of the COVID-19 pandemic.

110.     As a result of Defendants Copperleaf, SGP, and Seldin's violations of the MMPA, they are liable to Plaintiffs for all damages allowed by the MMPA, including all rent paid during the tenancy with Defendants Copperleaf, SGP, and Seldin since the contract is void and Defendants Copperleaf, SGP, and Seldin breached first, for fees paid for services not performed, interest on those fees, costs of suit, reasonable attorney's fees and costs, expert witness fees, pre-judgment interest, post-judgment interest, and other such relief as the Court may determine.

WHEREFORE, Plaintiffs pray this Court enter judgment in their favor and against Defendants Copperleaf, SGP, and Seldin on Count Two of the Class Action Petition for MMPA Violations, for actual damages, award Plaintiffs their reasonable attorneys' fees and costs, together with pre-judgment and post-judgment interest, and for such other and further relief as the Court may deem necessary and proper.

## JURY TRIAL DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

DATED: May 19, 2021

RESPECTFULLY SUBMITTED,

GREGORY LEYH, P.C.

/s/ Gregory Leyh
Gregory Leyh, #42283
Andrea M. Knernschield, #71553
Nicholas Leyh, #71993
Gregory Leyh, P.C.
104 N.E. 72nd Street, Suite A
Gladstone, Missouri  64118
(816) 283-3380
(816) 283-0489 (Facsimile)
gleyh@leyhlaw.com
aknernschield@leyhlaw.com
ATTORNEYS FOR PLAINTIFFS

23